IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL PECTOL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRENT PECTOL,<br><br>　　　　Defendant. | Case No. 22-cv-00076-DKW-KJM<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**[1] |

On February 24, 2022, Plaintiff Michael Pectol (Plaintiff), proceeding pro se, filed a Complaint against Brent Pectol (Defendant or Brent). Dkt. No. 1. Plaintiff has also filed an application to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2, as well as numerous additional documents, Dkt. Nos. 4-8.[2]

I.   **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] Amidst the additional documents Plaintiff has filed, arguably, in some, he may request affirmative relief from this Court, such as for discovery (Dkt. No. 7) or for redaction of names (Dkt. No. 8). As noted below, until this case has been screened and service of a pleading ordered, Plaintiff is not entitled to any relief from the Court. In addition, with respect to the redaction of names, Plaintiff does not identify any specific filing for which redaction is sought or necessary.

seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

In the IFP Application, Plaintiff states that he does not receive any pay or wages, he has no money in a checking or savings account, and he owns nothing of value. Dkt. No. 2 at 1-2. Nonetheless, it is not possible to fully assess Plaintiff's request to proceed *in forma pauperis* in light of his responses to the section of the IFP Application requesting information on "Other Income." That section (Section 3) demands that an applicant check *either* "Yes" or "No" boxes with respect to whether he has received, in the past 12 months, various forms of other income. *Id*. at 2. Instead of checking *either* "Yes" or "No", Plaintiff crossed out *every single one* of the boxes for *both* "Yes" and "No." *Id*. Plaintiff's intent in doing so is unclear. As a result, the Court cannot ascertain whether Plaintiff has received any form of "Other Income," and, thus, cannot fully assess the IFP Application. The IFP Application is, therefore, DENIED without prejudice.

Should Plaintiff decide to continue with this action without paying the filing fee, he must file a new application to proceed *in forma pauperis*, a blank copy of

which the Court will mail to him. In completing a new application, Plaintiff must follow the instructions when answering all questions on the form, including by checking *either* "Yes" or "No" next to questions 3(a) through 3(f). Should Plaintiff check the "Yes" box next to any of those questions, he must also then describe the source and amount of money received and whether he expects to receive the same in the future, as the instructions require.

The failure to file a complete and accurate application to proceed *in forma pauperis* or pay the civil filing fee may result in the dismissal of this action without further consideration of the merits of any amended complaint that may be filed.

## II.     <u>Screening</u>[3]

The Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Even when construed in a liberal light at this early stage of the proceedings, the Complaint has numerous deficiencies, some of which the Court addresses

---

[3]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

below.[4]   First, Plaintiff asserts that subject matter jurisdiction is premised on both a federal question and diversity.   Neither assertion is supported by the Complaint.  With respect to the former, no federal statutory or constitutional provision is cited or relied upon in the Complaint.   As for the latter, while the Complaint is far from a model of clarity, in identifying the parties to this action, Plaintiff states that both he and Defendant reside in California.   *See* Dkt. No. 1 at 2.   Such a situation would defeat diversity jurisdiction.   *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996) (explaining that diversity requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant.").

   Second, as just mentioned, both of the parties to this action appear to reside in States other than Hawaiʻi.   Moreover, as further discussed below, while the factual allegations of the Complaint are sparse, none of the alleged events appear to have any connection to Hawaiʻi.   Put simply, Hawaiʻi does not appear to be the proper venue for this action.   *See* 28 U.S.C. § 1391(b)(2) (providing that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

---

[4] In doing so, this Order should not be construed as implying there are no other deficiencies with the Complaint.

Third, Brent is the only named defendant in the Complaint.[5] None of the factual allegations, however, are directed at Brent. Instead, the factual allegations read as follows: "Abducted children held hostage in violation of all human rights legislation; with coordination of stolen arms and threats of nuclear (W of M.D.) in non-U.S. geographic areas by factions of militia, military, and narcotics organizations by the listed defendants in the referenced evidentiary filings." Dkt. No. 1 at 5. So it is clear, at the very least, Plaintiff cannot proceed in this action if he fails to allege facts directed at the conduct (or lack of conduct) of a specific individual (whether known or unknown). Moreover, contrary to Plaintiff's apparent belief, he cannot rely upon "referenced evidentiary filings" to fill the gaps in the Complaint. Instead, <u>all</u> relevant factual allegations must be made in the Complaint and in the Complaint alone−no other documents will be considered by the Court in assessing the merit of Plaintiff's claims.

Nonetheless, because it is possible that amendment may cure the deficiencies identified herein, Plaintiff may file an amended complaint in an attempt to do so. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013).

---

[5]Arguably, Plaintiff may have tried to bring his claims against more defendants, as, after naming Brent as a defendant, the Complaint also states that "Defendant No. 2" is "Various[.]" However, given that not even a Jane or John Doe moniker is applied to "Various", and no allegations are asserted against "Various", the Court declines to construe the Complaint as identifying anyone other than Brent as a defendant.

Should Plaintiff choose to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction and venue; (2) the constitutional or statutory right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of his right(s); and (6) what specific injury he suffered because of the defendant's conduct.

Plaintiff may have until **March 28, 2022** to file both a new application to proceed in district court without prepaying fees or costs and an amended complaint. **The Court cautions Plaintiff that the failure to do both by March 28, 2022 may result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Plaintiff (1) a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240), and (2) a blank Complaint for a Civil Case (Pro Se 1).

IT IS SO ORDERED.

Dated: March 7, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Pectol v. Pectol*; Case No. 22-cv-00076-DKW-KJM; **ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**