IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL PECTOL,<br><br>      Plaintiff,<br><br>v.<br><br>BRENT PECTOL,<br><br>      Defendant. | Case No. 22-cv-00076-DKW-KJM<br><br>**ORDER DISMISSING CASE** |

      On February 24, 2022, Plaintiff Michael Pectol, proceeding pro se, filed a Complaint against Brent Pectol, along with an application to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 1-2. In a March 7, 2022 Order, the Court denied the IFP Application and dismissed the Complaint with leave to amend. Dkt. No. 12. The March 7, 2022 Order gave Plaintiff until March 28, 2022 to file both a new application to proceed in district court without prepaying fees or costs and an amended complaint. In addition, Plaintiff was cautioned that failure to do either could result in dismissal of this action without prejudice.

      Since March 7, 2022, however, Plaintiff has filed neither a new application to proceed in district court without paying fees or costs nor an amended complaint, even though the deadline to do so has now long passed. Instead, Plaintiff has filed a

series of documents that do not respond to the March 7, 2022 Order or otherwise address the deficiencies identified therein.  *See* Dkt. Nos. 14-15, 17-32, 34-37.[1]  In this light, as indicated in the March 7, 2022 Order and more fully explained below, the appropriate action to now take is dismissal of this case without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)   Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260-61).  Upon careful consideration of these

---

[1] The Court addresses directly two of the filings because they contain the word "motion" and have been docketed as such.  In the first, Dkt. No. 19, Pectol moves for "re-assignment of: judicial authority[,]" among other things.  *Id*.  Other than that single sentence, though, Pectol does not explain precisely what he seeks.  To the extent he seeks re-assignment of this case to a different judge, that request is DENIED, as are the other requests in Dkt. No. 19, because, as mentioned, Pectol has still not filed a valid IFP application or an actionable complaint.  Moreover, he provides no explanation for why re-assignment would be appropriate.  The second, Dkt. No. 21, contains the following sentence: "Case Closures Summary Judgment Motion."  *Id*. at 1.  Consistently, Pectol provides no explanation for why he is entitled to summary judgment in this case.  Moreover, as mentioned, he has still not filed a valid IFP application or actionable complaint.  Therefore, to the extent Dkt. No. 21 can be construed as seeking affirmative relief, it is DENIED.

factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Plaintiff's failure to comply with the March 7, 2022 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation. As such, this factor favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Plaintiff's failure to comply with the March 7, 2022 Order hinders this Court's ability to manage its docket. Simply put, this Court cannot manage its docket if litigants, like Plaintiff, fail to timely follow clear instructions, such as the need to file an amended complaint. As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Here, Plaintiff has offered no discernible excuse or explanation for the failure to comply with the March 7, 2022 Order. In fact, Plaintiff appears to believe that this case is an excuse for him to file a wildly unnecessary series of documents, such as receipts to fast food restaurants. *See, e.g.*, Dkt. No. 36 at 3, 5-6. When a party offers a poor excuse for failing to comply with a court's order (or, in this case, no excuse), the prejudice to the opposing party is sufficient to favor

dismissal. *See Yourish*, 191 F.3d at 991–92. As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case. Specifically, Plaintiff was provided with an opportunity to file a new application to proceed in district court without paying fees or costs and an amended complaint, provided guidance on how to do so, and warned that failure to comply within the time allowed may result in dismissal of this action. Plaintiff, though, has not availed himself of this opportunity. Thus, the only alternative would be to allow the case to proceed without a filing fee or *in forma pauperis* status having been met and with nonsensical assertions that do not come close to stating a plausible claim. The Court declines to do that. As a result, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered, including warning the plaintiff that failure to comply would result in dismissal).

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. The Court notes, though, that dismissal here is without prejudice.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the March 7, 2022 Order. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not outweighed by

the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 29, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge